**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **DENISE YVONNE DAVIS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 25-CV-128-SMY** |
| | ) | |
| **MISSOURI-SAINT LOUIS COUNTY** | ) | |
| **COURTHOUSE, BYRON COHEN,** | ) | |
| **SCOTT TROUT, MARK HAEFFNER,** | ) | |
| **CURRAN COULTER, and ROBERT N.** | ) | |
| **HAMILTON,** | | |
| | | |
| **Defendants.** | | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Denise Yvonne Davis filed her Complaint alleging violations of her civil rights, breach of fiduciary duties, and legal malpractice (Doc. 1). Plaintiff's Motion to Appoint Counsel (Doc. 2), Motion for Leave to Proceed *in forma pauperis* (Doc. 3), a Motion to Amend/Correct the Complaint (Doc. 6), three Motions to Add information and Exhibits (Docs. 10, 11, 12), and an Emergency Motion for Assistance to Avoid Irreparable Harm (Doc. 14) are now pending before the Court.

28 U.S.C. § 1915 authorizes a federal district court to allow an indigent plaintiff to proceed in a civil action without prepaying the filing fees and costs if the plaintiff submits an affidavit of poverty stating that he or she is unable to afford the fees. 28 U.S.C. § 1915(a)(1). Here, Plaintiff states that she has monthly income of $5,500.00 from disability and VA payments. She indicates that her monthly bills are approximately $2,000 plus payments towards approximately $5,000 in garnishments from the State of Missouri. She states that she has only a nominal amount in her

back account.  Based on this information, the Court is not convinced that Plaintiff is unable to afford the fee.

Additionally, the statute requires the Court to scrutinize a Complaint filed by an indigent plaintiff and to dismiss it if (a) the allegation of poverty is untrue, (b) the action is frivolous or malicious, (c) the action fails to state a claim upon which relief can be granted, or (d) the action seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2); *see also Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003) ("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense").  Plaintiff's Complaint also fails this additional level of review.

To proceed in federal court, Plaintiff must establish that the Court has subject matter jurisdiction, which is ordinarily accomplished through federal question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332.  "To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015).  "The Missouri-Saint Louis County Courthouse" is not a person or "state actor" within the meaning of 42 U.S.C. § 1983.  *See Clark v. Clark*, 984 F.2d 272, 273 (8th Cir. 1993) *citing Will v. Michigan Department of State Police*, 491 U.S. 58 (1989).  As such, Plaintiff has no relief available under § 1983.  The remaining claims asserted in the Complaint are state law claims for breach of fiduciary duties and legal malpractice, and this Court does not have federal question jurisdiction over state law claims.  *See* 28 U.S.C. § 1331.

In the alternative, Plaintiff attempts to invoke the Court's diversity jurisdiction.  "[T]he diversity jurisdiction statute, 28 U.S.C. § 1332, requires complete diversity." *Big Shoulders*

*Capital LLC v. San Luis & Rio Grande R.R., Inc.,* 13 F.4th 560, 571 (7th Cir. 2021) (citations omitted).  "This means that no defendant may share the same state citizenship as any plaintiff." *Id.*  Here, Plaintiff states that she is now an Illinois resident and asserts that each individual defendant practices law in Missouri.  These allegations are not sufficient for the Court to discern the actual citizenship of Defendants Byron Cohen, Scott Trout, Mark Haeffner, Curran Coulter, and Robert N. Hamilton or to conclude that it has subject matter jurisdiction over this case.

For the foregoing reasons, the Motion for Leave to Proceed *in forma pauperis* ("IFP") (Doc. 3) is **DENIED** and Plaintiff's Complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**.  All pending motions (Docs. 2, 6, 10, 11, 12, 14) are **TERMINATED AS MOOT**. The Clerk of Court is **DIRECTED** to close this case.

**IT IS SO ORDERED.**

**DATED:  April 24, 2025**

**STACI M. YANDLE**
**United States District Judge**